# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-20281

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2024

Lyle W. Cayce
Clerk

SHANITA TERRELL,

*Plaintiff—Appellant*,

*versus*

HARRIS COUNTY; MICHAEL HINES; MARK CANNON; ED GONZALEZ,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-302

———————————————————

ON PETITION FOR REHEARING

Before BARKSDALE, SOUTHWICK, and GRAVES, *Circuit Judges*.
JAMES E. GRAVES, JR., *Circuit Judge*:[*]

As neither a member of this panel, nor judge in active service, requested that the court be polled on rehearing en banc, the petition for rehearing en banc is DENIED. FED. R. APP. P. 35 and 5TH CIR. R. 35. We withdraw our previous opinion and substitute the following:

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20281

Appellant Shanita Terrell alleged that two Harris County Sheriff's Office ("HCSO") deputies forced her into a patrol car. Later, she alleged, one of the deputies sexually assaulted her. The district court dismissed Terrell's claims against the deputy who is not accused of sexual assault along with her claims against the county and its sheriff. We AFFIRM.

## I. BACKGROUND

At this stage, we accept the following allegations as true and construe them in the light most favorable to Terrell. *Crane v. City of Arlington*, 50 F.4th 453, 461 (5th Cir. 2022).

Terrell spent the evening of February 23, 2020, at The Address, a bar in Houston where her cousin works. When she left, "there was visibly and audibly something wrong with her and she was not in her usual state of mind." At some point, Terrell encountered off-duty HCSO Deputies Michael Hines and Mark Cannon. Hines and Cannon worked side jobs at The Address and were in HCSO uniforms. HCSO policy allows deputies to wear their uniforms and use HCSO equipment and patrol vehicles while working off-duty side jobs.

The deputies ordered Terrell into Hines's patrol vehicle, telling her they were going to take her home. Terrell initially protested but ultimately got in, believing she was either under arrest or would be arrested if she continued to resist. The complaint contains no allegations as to what happened immediately afterward.

Terrell awoke the next morning at home and felt pain in her vaginal area. She went to the hospital, where a rape kit was administered. A DNA test revealed that semen in her underwear matched Hines. Terrell had no memory of having sex with him. She suspects that someone slipped Rohypnol, also known as "roofies," into her drink at The Address. Roofies are known to be used by sexual predators to incapacitate their victims.

No. 23-20281

In August 2021, eighteen months after the incident, Hines was charged with sexually assaulting Terrell.

Terrell sued Cannon, Hines, Harris County Sheriff Ed Gonzalez, and Harris County under 42 U.S.C. § 1983. Hines was served but never responded and Terrell later voluntarily dismissed her claims against him.

Terrell alleged that Cannon violated her constitutional rights by forcing her into Hines's patrol vehicle. She alleged that Gonzalez was liable as the deputies' supervisor and Harris County was liable for inadequately training them.

The district court dismissed Terrell's second amended complaint with prejudice. This appeal followed.[1]

## II. LEGAL STANDARD

Dismissal for failure to state a claim is reviewed de novo. *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008).

A person whose constitutional rights are violated by an officer acting under color of law may sue that officer for money damages. 42 U.S.C. § 1983. But "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a . . . constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The plaintiff has the

---

[1] In addition to the issues we address, Terrell argues that qualified immunity "should no longer exist." The law on qualified immunity is binding under decades of Supreme Court precedent. We leave to the Supreme Court "the prerogative of overruling its own decisions." *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) (citation omitted).

burden to show that her claim is not barred by qualified immunity. *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016).

## III. DISCUSSION

### a. Qualified immunity

We may affirm the district court on either qualified immunity prong. *al-Kidd*, 563 U.S. at 735. We start with Terrell's prong-two argument that Cannon's actions were clearly established as unconstitutional.

To satisfy prong two, Terrell must point to legal precedent that puts the wrongfulness of Cannon's actions "beyond debate." *Id.* Principally, she points to *Gomez v. Galman*, 18 F.4th 769 (5th Cir. 2021). But *Gomez* was decided in November 2021 so it could not have clearly established the unconstitutionality of actions that allegedly occurred in February 2020. *See Anderson v. Valdez*, 845 F.3d 580, 607 (5th Cir. 2016).

Alternatively, Terrell argues that Cannon's actions were so obviously unlawful no precedent is required. The Supreme Court has denied qualified immunity in cases involving obvious violations, albeit rarely. *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *Taylor v. Riojas*, 592 U.S. 7, 8–9 (2020). Terrell does not show that her allegations are within the scope of those cases.

Because prong two is not met, Terrell's claim against Cannon was correctly dismissed.

### b. Supervisory liability

Next, Terrell seeks to hold Gonzalez liable for Hines's actions as his supervisor. To establish supervisory liability against an official, a plaintiff must allege that "the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

Terrell alleged that Gonzalez was aware that Hines was arrested for sexually assaulting a child in 2018 and that Gonzalez "does not investigate and/or discipline officers alleged of crimes if they are no-billed[2] by a Grand Jury." To show deliberate indifference, allegations generally must infer "a pattern of similar violations." *Id.* Terrell alleged only one related incident. A single incident may show deliberate indifference only if "the highly predictable consequence of a failure to [supervise] would result in the specific injury suffered." *Id.* at 295. To be "highly predictable," a result must be "*so* predictable that" the failure to supervise "amounted to *conscious disregard* for" the plaintiff's rights. *Connick v. Thompson*, 563 U.S. 51, 71 (2011) (emphasis in original). Terrell does not show that her allegations against Gonzalez satisfy that test. Her supervisory claim was correctly dismissed.

### c. Municipal liability

Last, Terrell accuses Harris County of a policy of failure to adopt adequate training. To sustain that claim, she must allege, among other things, the existence of a policy, custom, or practice. *Hutcheson v. Dallas County*, 994 F.3d 477, 482 (5th Cir. 2021). A custom or practice is a pattern "so persistent and widespread as to practically have the force of law." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Connick*, 563 U.S. at 61). The plaintiff cannot rely solely on the incident that caused her injury to demonstrate such a pattern. *Id.* Here, however, Terrell relies only on the incident that allegedly caused her injury. *Id.* Her municipal liability claim was correctly dismissed.

---

[2] A Texas arrestee is "no-billed" when the grand jury votes against the presentment of an indictment. TEX. CODE CRIM. PROC. ANN. Art. 20A.301.

No. 23-20281

## IV. CONCLUSION

We AFFIRM.